IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CURTIS BRUNKHORST,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO.  06-991-GPM |
| | ) |
| **EDDIE JONES and the ATTORNEY GENERAL FOR THE STATE OF ILLINOIS,** | ) ) ) |
| | ) |
| Respondents. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Petitioner, currently incarcerated in the Pontiac Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. His current confinement stems from a 1997 conviction in Perry County, Illinois, for first-degree murder and other related charges, for which he is serving a 90-year sentence. He seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and the Court finds that he is, in fact, indigent. Therefore, the motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

Before further proceedings are ordered, a few words about the named respondents are necessary. Petitioner names as a respondent not only the warden of his prison but also the Attorney General of Illinois. This practice is quite common among *pro se* litigants in this District, but the only proper respondent in a collateral attack is Petitioner's custodian. As stated clearly by the Seventh Circuit,

> The Attorney General of [Illinois] is the state's lawyer, not the prisoner's custodian. If the petitioner is in prison, the warden is the right respondent. If the petitioner is on parole, the parole board or equivalent should be named. *A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody.*

*Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (emphasis added). *See also Cruz v. Warden of Dwight Correctional Center*, 907 F.2d 665, 665 n.1 (7th Cir. 1990); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. Because Petitioner is incarcerated, the only proper respondent is Warden Jones. The Illinois Attorney General is **DISMISSED** as a party and should not appear as a litigant in any future § 2254 case except under the conditions specified in Rule 2(b).

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pretrial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change

in address occurs.

**IT IS SO ORDERED.**

DATED:  04/20/07

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
