IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS BRUNKHORST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:06-cv-991 GPM |
| ) | |
| EDDIE JONES, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Currently pending before the Court is Petitioner's motion for reconsideration of the order denying him appointment of counsel and to stay the briefing schedule (Doc. 15). Appointment of counsel in habeas actions is governed by 18 U.S.C. §3006A, which provides that "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28. " 18 U.S.C. 3006A(a)(2), (a)(2)(B). The Sixth Amendment guarantee of effective assistance of counsel for criminal defendants does not apply in habeas corpus proceedings, which are civil in nature. Barkauskas v. Lane, 946 F.2d 1292, 1294 (7th Cir. 1991). If the Court determines, based upon its review of the record, that an evidentiary hearing is warranted in the action, appointment of counsel is required. See Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Until that determination is made, however, it is within this court's discretion to appoint counsel. See Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997). In exercising its discretion, the Court should consider the difficulty of the case, the petitioner's competence, the ability of the petitioner to successfully prosecute his case without the aid of an attorney, and his ability to hire an attorney. See generally Dellenback v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996) (citing 28 U.S.C. §1915(d)).

The Court is not convinced that the interests of justice require appointment of counsel at

this point in the litigation. In a habeas action, the Court relies primarily on the record of the proceedings in state court, which has been provided by the Respondent (Doc. 14). Petitioner clearly articulated his claims in the petition; the Respondent was able to utilize the Petitioner's statement of grounds for habeas relief to respond. Petitioner's motion for reconsideration of the Court's order denying counsel demonstrates his abilities to discuss and support his legal propositions in a cogent manner. In that motion, Petitioner summarized the relevant law and analyzed the facts of his case. The Court has not yet undertaken its review of the record and the Petitioner's stated grounds for habeas relief to determine whether a hearing is necessary. Until that review has been completed and that determination made, appointment of counsel is not warranted. Petitioner contends that he needs the assistance of counsel to conduct discovery. Under the Rules Governing Section 2254 Cases, discovery in a habeas action will be allowed only with leave of court. Discovery will not be ordered until the Court has completed its review of the complaint, response, and the record. If discovery is ordered, the Court may appoint counsel at that time. Based on all the foregoing, Petitioner's request for reconsideration of the denial of appointment of counsel is **DENIED without prejudice**.

Petitioner also requests that the Court allow him to file his reply after the disposition of the instant motion. That request is **GRANTED**. Plaintiff shall file his reply to the response on or before February 15, 2008. See Rule 5(e) of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS SO ORDERED.**

**DATED: January 16, 2008**

<u>s/ *Donald G. Wilkerson*</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**