# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS BRUNKHORST, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-991-GPM |
| | ) |
| JOSEPH MATHY, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On June 12, 2009, this Court denied Brunkhorst's petition for writ of habeas corpus and entered judgment dismissing this action (*see* Docs. 19, 20). Brunkhorst now seeks leave to proceed in forma pauperis on appeal, a certificate of appealability, and appointed counsel on appeal.

Pursuant to 28 U.S.C. § 2253, "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . ." 28 U.S.C. § 2253(c)(1). Rule 22 of the Federal Rules of Appellate Procedure provides, in pertinent part:

> [I]n a habeas corpus proceeding in which the detention complained of arises from process issued by a state court . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.

Fed. R. App. P. 22(b)(1).

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Young v. United States*, 124 F.3d 794, 798-99 (7th Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991-92 (7th Cir. 1996). A substantial showing of the denial of a constitutional right for purposes of the statute means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). *Cf. Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983); *Rodriguez v. United States*, 286 F.3d 972, 978 (7th Cir. 2002); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001); *Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000).

For the reasons set forth in the Court's June 12, 2009, Memorandum and Order (*see* Doc. 19), Brunkhorst has not made a substantial showing of the denial of a constitutional right. Accordingly, the motion for a certificate of appealability (Doc. 24) is **DENIED**.

Although the Court has denied Brunkhorst's request for issuance of a certificate of appealability, the Court cannot find that the instant appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Brunkhorst is indigent, and, because this is a habeas corpus action under 28 U.S.C. § 2254, the filing fee provisions of 28 U.S.C. § 1915(b) do not apply. *See Walker v. O'Brien,* 216 F.3d 626, 628-29 (7th Cir. 2000). The motion to proceed on appeal in forma pauperis (Doc. 23) is **GRANTED**. Brunkhorst may proceed on appeal without prepayment of fees and costs.

Finally, Brunkhorst ably represented himself in the district court proceedings without counsel. He now makes a bare allegation that he has "written to and tried to contact attorneys to represent me to no avail," (*see* Doc. 25), but the Court is not privy to the details of those contacts. His request is **DENIED** without prejudice to refiling it in the Court of Appeals.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the United States Court of Appeals for the Seventh Circuit; Brunkhorst may renew his request for a certificate of appealability and appointed counsel in the Court of Appeals.

**IT IS SO ORDERED.**

DATED: 7/14/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge